UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROGER CULLEN,

   Plaintiff,

   -against-

CITY OF NEW YORK, MARTIN F. HORN,
Commissioner of the City of New York
Department of Correction, and VALERIE
OLIVER, Bureau Chief of the City of New
York Department of Correction,

   Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM & ORDER

07-CV-3644 (CBA) (JMA)

AMON, United States District Judge:

  Plaintiff Roger Cullen, a former correction officer employed by the City of New York Department of Correction ("DOC"), filed this action pursuant to 42 U.S.C. § 1983 against the City of New York, DOC Commissioner Martin F. Horn, and DOC Bureau Chief Valerie Oliver. Cullen alleges that defendants terminated him in retaliation for exercising his First Amendment right to free speech. He also brings state law claims for negligent infliction of emotional distress, intentional infliction of emotional distress, and defamation of character. Defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

  This motion was referred to the Honorable Joan M. Azrack, United States Magistrate Judge, for a Report and Recommendation ("R&R"). On July 8, 2008, Magistrate Judge Azrack recommended that defendants' motion be granted. Relying on the Supreme Court's opinion in Garcetti v. Ceballos, 547 U.S. 410 (2006), Magistrate Judge Azrack concluded that the allegations in the complaint do not state a claim that Cullen spoke as a citizen on a matter of

-1-

public concern.  Garcetti held that public employees speaking "pursuant to their official duties" are not entitled to First Amendment protection for that speech, id. at 421, and a regulation governing Cullen's job as a correction officer required him to report misconduct by other City employees.  Specifically, DOC Rule 3.20.170 states that "[m]embers of the Department shall report to the Commanding Officer any delinquency, dereliction of duty, violation of Rules and Regulations, or conduct prejudicial to good order, efficiency and discipline of the Department which the members observe, or of which the members have knowledge."  Finding that this rule set forth Cullen's official duties, Magistrate Judge Azrack recommended that the Court dismiss Cullen's complaint for failure to state a claim that his speech was constitutionally protected.

Cullen has filed timely objections to the R&R.  Accordingly, this Court reviews Magistrate Judge Azrack's R&R de novo.  See Fed. R. Civ. P. 72(b); The European Community v. RJR Nabisco, Inc., 134 F.Supp.2d 297, 302 (E.D.N.Y. 2001).

The Court in Garcetti cautioned that the proper inquiry into whether a public employee's statements fall within his employment duties "is a practical one," and warned that written job descriptions or rules governing an employee's responsibilities should not be taken as dispositive. 547 U.S. at 424-25 (rejecting "the suggestion that employers can restrict employees' rights by creating excessively broad job descriptions" and noting that "[f]ormal job descriptions often bear little resemblance to the duties an employee actually is expected to perform, and the listing of a given task in an employee's written job description is neither necessary nor sufficient to demonstrate that conducting the task is within the scope of the employee's professional duties for First Amendment purposes").  In addition, it is not dispositive under Garcetti that Cullen's expression took place at work, or that the subject matter of the expression related to his

employment. 547 U.S. at 420 (citing Givhan v. Western Line Consol. Sch. Dist., 439 U.S. 410, 414 (1979)).

Accordingly, this Court finds that the issue of whether Cullen's speech was entitled to protection under the First Amendment is more appropriately resolved on summary judgment. See Drolett v. DeMarco, No. 05 Civ. 1335, 2007 WL 1851102 (D.Conn. June 26, 2007); Barclay v. Michalsky, 451 F.Supp.2d 386 (D.Conn. 2006); Batt v. City of Oakland, No. C 02-04975, 2006 WL 1980401 (N.D.Cal. July 13, 2006). To the extent that defendants' other asserted grounds for dismissal may be dispositive, this case is referred to Magistrate Judge Azrack for a Report and Recommendation.

SO ORDERED

Dated: Brooklyn, New York
December 9, 2008

Carol Bagley Amon
United States District Judge