FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 2 5 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROGER CULLEN,

                Plaintiff,

-against-

THE CITY OF NEW YORK, MARTIN F. HORN,
Comm'r of the City of New York Dep't of Corr.,
and VALERIE OLIVER, Bureau Chief of the
City of New York Dep't of Corr.,

                Defendants.
------------------------------------------------------------x

**NOT FOR PUBLICATION**
MEMORANDUM AND ORDER
07-CV-3644 (CBA)(JMA)

AMON, United States District Judge:

On August 29, 2007, Roger Cullen ("plaintiff" or "Cullen") sued the City of New York, Martin F. Horn, Commissioner of the City of New York Department of Correction ("DOC"), and Valerie Oliver, Bureau Chief of the City of New York Department of Correction ("Warden Oliver" and, collectively, "defendants") alleging that defendants violated his constitutional rights. The complaint asserts both state and federal causes of action. On March 7, 2008, defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Defendants renewed that motion on March 8, 2010, arguing that the statute of limitations on plaintiff's claims had expired.

A minute entry dated January 15, 2009 indicates that at a status conference before Magistrate Judge Joan Azrack, both parties agreed that discovery was required concerning the plaintiff's allegations of fraudulent concealment and equitable tolling, as they applied to the statute of limitations issue, and accordingly the Magistrate Judge allowed discovery to proceed. (Docket Entry 30.) In a December 15, 2010 Order, the Magistrate Judge determined that even though

1

discovery was not yet complete, the statute of limitations issue was ripe for resolution. The Magistrate Judge therefore issued a briefing schedule for defendants' motion to dismiss on statute of limitations grounds. On March 8, 2010, plaintiff moved to amend the Complaint pursuant to FRCP 15(a) and 21 to plead fraudulent concealment with particularity, join additional defendants, and assert additional claims. The Court referred the matter to Magistrate Judge Joan Azrack for a report and recommendation ("R&R"). Magistrate Judge Azrack issued an R&R recommending that the Court grant defendants' motion to dismiss plaintiff's § 1983 claims, dismiss plaintiff's emotional distress claims with prejudice and defamation claim without prejudice, and deny plaintiff's motion to amend the Complaint. Plaintiff filed timely objections to the R&R pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1).[1]

The Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); see also Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). To the extent that plaintiff objects merely, "to the Magistrate Court's entire report and recommendation," the Court need only review the R&R for "clear error." See Edwards v. Fischer, 414 F. Supp. 2d 343, 346-47 (S.D.N.Y. 2006) ("[W]here objections are 'merely perfunctory responses' . . . reviewing courts should review a report and recommendation for clear error.").

---

[1] The Magistrate Judge relies on the amended complaint in its analysis of defendants' motion to dismiss, and the Court will likewise treat the amended complaint as the operative complaint for purposes of resolving this motion. See Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (where it appears that proposed amendment would be unproductive, leave to amend should be denied); Capitol Records, Inc. v. MP3tunes, LLC, No. 07 Civ. 9931(WHP), 2009 WL 3364036 (S.D.N.Y. Oct. 16, 2009) (analyzing legal sufficiency of facts asserted in both complaint and proposed amended complaint to determine whether to grant motion to dismiss); McLoughlin v. Altman, No. 92 Civ. 8106 (KMW), 1993 WL 362407, at *3 (S.D.N.Y. Sept.13, 1993) (addressing allegations in plaintiff's proposed amended complaint in deciding motion to dismiss because proposed pleading "represent[ed] plaintiff's best effort to save her action from dismissal"), aff'd, 22 F.3d 1091 (2d Cir. 1994).

## DISCUSSION

Plaintiff objects to the Magistrate Judge's application of the motion to dismiss standard. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss for failure to state a claim under that rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). A complaint that contains only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1965. Neither will a complaint that contains only "naked assertion[s]" without "further factual enhancement." Id. at 1966.

Iqbal identifies a "two-pronged" approach to determining the sufficiency of a complaint. 129 S. Ct. at 1950. First, courts can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Second, they can then identify whether the complaint, stripped of its conclusory pleadings, "plausibly give[s] rise to an entitlement to relief." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference,

3

and to matters of which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

The plaintiff acknowledges that the Magistrate Judge properly states the standard in question, and objects only to its application. Although there are instances where the Magistrate Judge appears to conduct factual analysis, the Court finds that the Magistrate Judge's recommendations do not rely on such analysis. Accordingly, the Court adopts the Magistrate Judge's recommendations.

*a. Fraudulent Concealment*

Plaintiff objects to limited factual analysis conducted with respect to plaintiff's allegations regarding defendants' alleged acts of fraudulent concealment. Plaintiff notes in particular the Magistrate Judge's review of the evidenciary support for Cullen's assertion that Warden Oliver falsified the handwriting of the two supervisors who recommended that Cullen continue his employment despite his record of lateness. The Magistrate Judge's recommendation to reject plaintiff's assertion of fraudulent concealment, however, did not depend not on that analysis.

The Magistrate Judge found that because Cullen was sufficiently aware of his cause of action at the time of his termination, the acts alleged by plaintiff would not toll the statute of limitations. There is "an important distinction between fraudulent concealment of the existence of a cause of action and fraudulent concealment of facts that, if known, would enhance a plaintiff's ability to prevail as to a cause of action of which the plaintiff was previously aware." Pearl v. City of Long Beach, 296 F.3d 76, 84 (2d Cir. 2002). The Magistrate Judge found based on the face of the complaint that the defendants did not conceal facts necessary to be aware of the existence of a cause of action.

4

"A public employee who makes a First Amendment claim of employment retaliation under § 1983 must show that: (1) his speech addressed a matter of public concern, (2) he suffered an adverse employment decision, and (3) a causal connection exists between his speech and that adverse employment decision, so that it can be said that the plaintiff's speech was a motivating factor in the adverse employment action." Cioffi v. Averhill Park Cent. Sch. Dist Bd. of Educ., 444 F.3d 158, 162-63 (2d Cir. 2006). Temporal proximity is routinely found to create a *prima facie* case with respect to the causal element of a claim of retaliation for engaging in protected activity. See, e.g., Feingold v. New York, 366 F.3d 138, 156-157 (2d Cir. 2004); Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 224 (2d Cir. 2001) ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." (quotations omitted)).

Here, as stated on the face of the complaint, Cullen knew on the date of his termination and at all times before the statute of limitations expired that he reported the alleged misconduct three times during his employment with defendants, that defendants terminated him, and that he reported the alleged misconduct twice within weeks of his termination.[2] Although the Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action," Gorman-Bakos v. Cornell Coop. Extension, 252 F.3d

---

[2] Plaintiff submitted an anonymous complaint (the "anonymous complaint") alleging wrongdoing by fellow officers, which was provided to Defendant Oliver on September 30, 2003. (Proposed Am. Compl. ¶ 21.) On May 28, 2004, Cullen submitted another complaint alleging wrongdoing by officers, this time without anonymity. (Id.) On June 20, 2004, Deputy Warden Bailey received a revised version of the anonymous complaint from plaintiff. (Id. ¶ 22.) Five days later, on June 25, 2004, plaintiff was terminated. (Id. ¶¶ 59-66.) Although the complaint and revised complaint received on September 30, 2003 and June 20, 2004 were anonymous, plaintiff concedes that, "the Anonymous Complaint was not anonymous, because it contained a set of facts that identified Mr. Cullen as the author of the Anonymous Complaint." (Id. ¶ 46.) Plaintiff was thus terminated within weeks of submitting identifiable complaints.

545, 554-55, n. 5 (2d Cir. 2001), based on the temporal proximity of his allegedly protected activity and his termination, Cullen was aware of sufficient facts to know about the basis for his claim. Treglia v. Town of Manliusm, 313 F.3d 713, 721 (2d Cir. 2002) (finding roughly one month lapse between protected activity and allegedly adverse employment action sufficient to make out prima facie case); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998) (discharge less than two months after plaintiff filed a sexual harassment complaint with management and ten days after filing complaint with state human rights office satisfactory to provide prima facie evidence of a causal connection between protected activity and retaliation); Ashok v. Barnhart, 289 F. Supp. 2d 305, 315 (E.D.N.Y 2003) ("A period of only two months between a protected activity and an adverse action may permit a reasonable jury to find the acts to be temporally proximate and causally related."); see also Ruhling v. Tribune Co., No. CV-04-2430, 2007 WL 28283 at *23 (E.D.N.Y. Jan. 3, 2007) (finding that "district courts in this Circuit have consistently held that a passage of two months between the protected activity and the adverse employment action seems to be the dividing line" in determining whether temporal proximity is too attenuated to make out a *prima facie* case (citations and quotations omitted)). Thus, any alleged concealment by the defendants merely concealed facts that would have enhanced any cause of action of which the plaintiff was already or should have been aware. Accordingly, the Magistrate Judge properly rejected plaintiff's argument that the statute of limitations should be tolled on grounds of fraudulent concealment.

Plaintiff also objects to a footnote distinguishing between the "discovery doctrine" and the doctrine of "fraudulent concealment." (R&R at 16 n.13.) The footnote refers to an extended discussion by the Second Circuit Court of Appeals on that subject. See Pearl, 296 F.3d at 80-82.

Plaintiff argues that the R&R "cannot be accepted because it is premised upon a conclusion that denies application of an entire body of law of fraudulent concealment." However, as should be obvious from the above discussion, the Magistrate Judge did in fact apply the body of law of fraudulent concealment, and only applied the "discovery doctrine" with respect to the determination as to when the plaintiff's cause of action accrued.

### b. *Motion to Amend*

Plaintiff further objects to the Magistrate Judge's analysis of his proposed claims against the Correction Officers' Benevolent Association, Inc. ("COBA"), Norman Seabrook, the President of COBA, and Koehler & Isaacs, LLP, COBA's operating counsel (collectively, the "union defendants"). Plaintiff argues that the Magistrate Judge did not accept as true his allegation that the union defendants were complicit with the municipal defendants in providing the plaintiff with fabricated reasons for his termination. However, a court need not accord a presumption of truthfulness to "legal conclusions, deductions or opinions couched as factual allegations . . ." NYSE Specialists Securities Litigation v. Empire Programs, 503 F.3d 89, 95 (2d Cir. 2007).

To the extent the Court construes plaintiff's objection as an objection to the Magistate Judge's analysis of his allegations against the union defendants generally, plaintiff concedes that he "cannot sue the union defendants for violation of their duty of fair representation in federal court, because the union represents only the municipal employees of the department of corrections, and as such would not be subject to the National Labor Review Act . . . ." (Pl. Reply 5.) Plaintiff therefore agrees that paragraphs 3, 221, 222, 223, and 224 of its proposed amended complaint must be removed. (Id.)

Plaintiff does, however, continue to press his allegations regarding an alleged conspiracy

7

between the union defendants and the DOC officers named in the proposed amended complaint (the "DOC defendants") to violate his constitutional rights. Leave to amend may be appropriately denied where amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990). Futility of a proposed amendment is established where "the proposed claim could not withstand a motion to dismiss" for failure to state a claim upon which relief may be granted. Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002); Dougherty v. North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002).

In order to survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege: (1) an agreement between two or more state actors or a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002)). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. See id. at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); see also Walker v. Jastremski, 430 F.3d 560, 564 n. 5 (2d Cir. 2005) ("[C]onclusory or general allegations are insufficient to state a claim for conspiracy under § 1983."); Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.").

The non-conclusory allegations relied on by the plaintiff to support his conspiracy claim are that: (1) after his termination, Cullen was told by a DOC officer to talk to his union about the reasons for his termination; (2) when Cullen in fact talked to his union representative, he was

informed of the DOC's stated reasons for his termination; (3) the union defendants were aware that Cullen had submitted complaints to the DOC, but convinced him that he could not sustain a constitutional claim; and (4) the union defendants provided Cullen with a letter wherein they stated that he did not have any constitutional claims and that the Article 78 Court found that he did not have any constitutional claims, while simultaneously withholding from Cullen the oral argument minutes of a hearing where the union defendants failed to argue and never presented allegations that Cullen possessed any constitutional claims.

The proposed amended complaint does not plead any non-conclusory allegations that suggest an agreement between the union and DOC defendants or an act in concert by the union. Plaintiff argues that the fact that the union defendants provided the plaintiff with DOC's allegedly false reasons for his termination, "evidences a meeting of the minds and a tacit agreement to be complicit in misleading the plaintiff as to his cause of action." (Pl. Mot. to Am. 30.) However, it would be odd to suggest that informing a client alleging wrongful termination of an employer's stated reasons for the client's termination creates a plausible inference that the lawyer is acting in concert with the employer to violate the client's rights. The Court does not find such an inference reasonable. Moreover, the additional facts alleged by the plaintiff go to the quality of the representation provided to the plaintiff, but do not tend to show any agreement with the DOC defendants. Indeed, plaintiff has failed to articulate any allegations that would suggest that these alleged failures in performance by his union attorneys, even if accepted as true, could plausibly support a claim that his lawyers acted as a part of a conspiracy with the DOC defendants.

As the Second Circuit has noted, generalized allegations of conspiracy "ring especially hollow" where, as here, the parties alleged to be part of the same conspiracy have an "adversarial

relationship." Ciambriello, 292 F.3d at 324. Given the absence of non-conclusory allegations suggesting the existence of a conspiracy, the Section 1983 claims against the union defendants cannot survive a motion to dismiss. See also Williams v. Jurow, No. 05 Civ. 6949(DAB), 2007 WL 5463418, at *11 (S.D.N.Y. June 29, 2007) (report and recommendation); Brewster v. Nassau County, 349 F.Supp.2d 540, 547 (E.D.N.Y.2004) (dismissing Section 1983 claim against Legal Aid Society where plaintiff alleged in a conclusory fashion that Legal Aid waived his rights and failed to adequately represent him in order to "benefit themselves and/or District Attorney," but did "not actually allege [ ] any facts indicating an agreement to act in concert to harm him"); Hom v. Brennan, 304 F.Supp.2d 374, 379 (E.D.N.Y.2004) (dismissing Section 1983 claim against supervising attorney with the Nassau-Suffolk Law Services because "plaintiff fails to allege with particularity what the alleged conspiracy is, the purpose of the conspiracy, who was involved in the conspiracy, the existence of an act in furtherance of the conspiracy, or that he was injured as a result of the conspiracy"). Accordingly, the Court adopts the Magistrate Judge's recommendation to deny as futile plaintiff's motion to amend to add claims against the union defendants.[3]

## CONCLUSION

For the reasons stated above, the Court adopts the Magistrate Judge's recommendations. The Court grants defendants' FRCP 12(b)(6) motion to dismiss the Complaint because the statute of limitations bars the Section 1983 claim. Because Cullen's state law emotional distress claims

---

[3] In the proposed amended complaint, plaintiff appears to assert a Monell claim based on the City's failure to inform employees of how many late days they are entitled to each year. First, it is unclear how such a policy would have caused the injury alleged, termination due to protected speech. Second, as noted above, as plaintiff's § 1983 cause of action accrued on the date of his termination, the statute of limitations on Cullen's claim against the City has run. There is no allegation that the City took affirmative steps to conceal its alleged policy of failing to inform employees of its attendance policy. See Pearl, 296 F.3d at 88.

10

are barred by the applicable statute of limitations, they are dismissed with prejudice. Having dismissed Cullen's claims arising under federal law, the Court declines to exercise supplemental jurisdiction over any state law claims not otherwise addressed by this order. Accordingly, Cullen's state law defamation claim is dismissed without prejudice. The Court further denies plaintiff's FRCP 15(a) and 21 motion to amend the Complain based upon futility. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
April 25, 2011

Carol Bagley Amon
United States District Judge